UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| JAMES DAWSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3:02-CV-830-PS |
| | ) | |
| MONACO COACH CORP., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a Motion to Compel [DE 74], filed by the Plaintiff on March 15, 2005.[1]  The Plaintiff asks the Court to compel the Defendant to produce tests and test results obtained from the Defendant's expert, Dr. Goldstein.  On April 1, 2005, the Defendant filed its response, and on April 8, 2005, the Plaintiff filed his reply.

The Plaintiff's Complaint states that he suffered emotional distress as a result of his employment with the Defendant.  Following the July 29, 2004 telephone conference before the Court, counsel for the parties arranged for the Plaintiff to be examined by Dr. Diane Goldstein in early September of 2004.  Prior to the examination, the Defendant served a Notice of Rule 35 Independent Medical Examination on the Plaintiff.  The Plaintiff complied with the Defendant's Notice and submitted himself to be examined by Dr. Goldstein on September 2-4, 2004.  On November 1, 2004, the Defendant served Dr. Goldstein's report on the Plaintiff and disclosed Dr. Goldstein as its retained expert pursuant to Federal Rule of Civil Procedure 26(a)(2)(B).  Although

---

[1] The Defendant correctly points out that pursuant to Local Rule 7.1(b), the Plaintiff's motion should have been accompanied by a supporting brief.  In this instance, the Court will accept the Plaintiff's motion without a supporting brief.  However, in the future, the Court will not accept motions requiring a supporting brief unaccompanied by one.

the Defendant has produced an expert report, to date, Dr. Goldstein has refused to produce tests and tests results from her examination of the Plaintiff.

The Defendant has refused to produce copies of Dr. Goldstein's tests and test results, stating that Dr. Goldstein "maintains tight control over her records . . . . [and] is so guarded with the psychological tests and raw testing results used in her psychological examination of the Plaintiff that [she] will not release them to Monaco or to Monaco's attorneys." Therefore, the Defendant argues that it cannot be compelled to produce records it does not have.

Federal Rule of Civil Procedure 35(b) provides as follows:

> If requested by the party against whom an order is made under Rule 35(a) or the person examined, the party causing the examination to be made shall deliver to the requesting party *a copy of the detailed written report of the examiner setting out the examiner's findings, including results of all tests made, diagnoses and conclusions, together with like reports of all earlier examinations of the same condition* . . . . The court on motion may make an order against a party requiring delivery of a report on such terms as are just, and if an examiner fails or refuses to make a report the court may exclude the examiner's testimony if offered at trial.

Fed. R. Civ. P. 35(b)(1) (emphasis added). In this instance, prior to the examination, the Defendant served a Notice of Rule 35 Independent Medical Examination on the Plaintiff. The Defendant argues that because the Plaintiff agreed to the examination, Dr. Goldstein is no longer a Rule 35 witness. The Defendant is incorrect. Rule 35(b) states that it "applies to examinations made by agreement of the parties, unless the agreement expressly provides otherwise." Fed. R. Civ. P. 35(b)(3). The Defendant has not demonstrated that the parties had an agreement whereby the examination would not be subject to the mandates of Rule 35. The fact that the Plaintiff agreed to the examination does not remove the examination or Dr. Goldstein from the purview of Rule 35; it was still a mental examination of a person conducted pursuant to Rule 35. The tests and test results which form the basis of Dr. Goldstein's expert opinion are relevant to this case, and Rule 35 specifically directs the examining party to deliver the requested materials to the Plaintiff.

Moreover, under Rule 26(a)(2)(B) of the Federal Rule of Civil Procedure, which deals with the disclosure of expert testimony and what an expert must produce, an expert's report "shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; *the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions . . . .*"  Fed. R. Civ. P. 26(a)(2)(B) (emphasis added).  The Defendant retained Dr. Goldstein as an expert witness.  The tests and test results used to form the basis of her opinion are relevant to the issue of the Plaintiff's emotional condition and should have been turned over to the Plaintiff prior to Dr. Goldstein's deposition.

Based on the foregoing, the Court **GRANTS** the Plaintiff's Motion to Compel [DE 74] and **ORDERS** the Defendant to produce all tests and test results from Dr. Goldstein's examination of the Plaintiff.  In addition, the Defendant is **ORDERED** to pay the Plaintiff the *reasonable* expenses, including attorney fees, incurred by the Plaintiff in having to file the Motion to Compel.  Counsel for the Plaintiff is **ORDERED** to submit a certification of fees and expenses to the Court within ten days of the date of this Order.

SO ORDERED this 12th day of April, 2005.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:   All counsel of record
      Judge Simon