UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| JAMES DAWSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3:02-CV-830-PS |
| | ) | |
| MONACO COACH CORP., | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE PURSUANT TO
28 U.S.C. § 636(b)(1)(B) & (C)**

This matter is before the Court on Plaintiff's Amended Motion for Default and Other Sanctions [DE 87], filed by the Plaintiff on April 13, 2005.  On May 4, 2005, District Court Judge Philip P. Simon entered an Order [DE 102] referring the Plaintiff's Amended Motion for Default and Other Sanctions to the undersigned Magistrate Judge for a report and recommendation.

On June 10, 2005, the undersigned Magistrate Judge conducted a Hearing on Plaintiff's Amended Motion for Default and Other Sanctions.  Counsel for both the Plaintiff and Defendant were present in person.  After reviewing the briefs and hearing argument of the parties, the Court recommends that the motion be denied.

**DISCUSSION**

The Plaintiff brings his motion based on alleged discovery violations by the Defendant and petitions the Court, pursuant to Federal Rule of Civil Procedure 37(b), to strike the Defendant's Answer, default the Defendant, strike the Defendant's expert report, and prohibit the Defendant's expert from testifying.

As a general response to the Plaintiff's motion, the Defendant concedes that this is a contentious case, but claims that the Plaintiff has not been deprived of any discovery, has had and still has many opportunities to address any perceived wrongs, and could have sought less drastic relief.

### A. Dismissal Under Rule 37

It is well settled that a district court has the discretion to impose sanctions, including dismissal, for failure to comply with discovery orders. *Dotson v. Bravo*, 321 F.3d 663, 666-67 (7th Cir. 2003). Dismissal under Rule 37(b)(2)(C) is appropriate when a plaintiff fails to comply with a discovery order and that failure results from willfulness, bad faith, or fault. *In re Golant*, 239 F.3d 931, 936 (7th Cir. 2001); *Ladien v. Astrachan*, 128 F.3d 1051, 1056 n. 5 (7th Cir. 1997). "Absent [these] circumstances, the careful exercise of judicial discretion requires that a district court consider less severe sanctions and explain, where not obvious, their inadequacy for promoting the interests of justice." *Schilling v. Walworth County Park & Planning Comm'n*, 805 F.2d 272, 275 (7th Cir. 1986). Of all possible sanctions, dismissal is considered "draconian," and courts must be "vigilant" in their review. *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003). Dismissal should only be used in "extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Williams v. Chicago Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998).

The bases asserted for Plaintiff's Motion for Default and Other Sanctions are: 1) that the Defendant violated Magistrate Judge Nuechterlein's September 12, 2003 Order by objecting 419 times in three depositions and taking six off-the-record private conversations while deponents were

being deposed; 2) that the Defendant violated Magistrate Judge Cherry's March 18, 2005 Order by continuing to make frivolous objections in response to the Plaintiff's Request for Admissions; and 3) that the Defendant's conduct was in bad faith when its "retained expert" asked questions of the Plaintiff which violated the attorney-client privilege and work product doctrine in an attempt to interfere with the relationship between the Plaintiff and his counsel. The Court will address each of the Plaintiff's allegations in turn.

*1. Deposition Conduct*

On September 23, 2003, Magistrate Judge Nuechterlein issued an Order, setting forth guidelines for all future depositions in this case. Judge Nuechterlein's Order provided, in part:

> b. All objections, except those which would be waived if not made at the deposition under Federal Rule of Civil Procedure 32(d)(3)(B), and those necessary to assert a privilege, to enforce a limitation on evidence directed by the court, or to present a motion pursuant to the Federal Rule of Civil Procedure 30(d), shall be preserved. Therefore, those objections need not and shall not be made during the course of depositions.
> c. Counsel shall not direct or request that a witness not answer a question, unless that counsel has objected to the question on the ground that the answer is protected by a privilege or a limitation on evidence directed by the court.
> . . . .
> e. Counsel and their witness-clients shall not engage in private, off the record conferences during depositions or during breaks or recesses, except for the purpose of deciding whether to assert a privilege.
> f. Any conference which occurs pursuant to, or in violation of, guideline [e] shall be noted on the record by the counsel who participated in the conference. The purpose and the outcome of the conference shall be also noted on the record.

In response to the Plaintiff's allegation regarding the deposition objections, the Defendant

3

asserts that its objections were proper under the federal rules and that defense counsel followed the procedure for objections set forth in Federal Rule of Civil Procedure 30(c). The Defendant further submits that even if the Plaintiff's count of objections is accurate, the Defendant could only find two unanswered questions during depositions from seven (7) witnesses. Thus, the Defendant contends that the Plaintiff cannot demonstrate prejudice justifying an entry of default.

The Federal Rules of Civil Procedure permit a defending party to object during a deposition. *See* Fed. R. Civ. P. 30(c) ("All objections made at the time of the examination . . . shall be noted by the officer upon the record of the deposition."). In addition, "errors of any kind which might be obviated, removed, or cured if promptly presented are waived unless seasonable objection thereto is made at the taking of the deposition." Fed. R. Civ. P. 32(d)(3)(B). The Defendant admits that although it may have taken a conservative view of Rule 32 in asserting its objections, the federal rules, and even Judge Nuechterlein's September 12, 2003 Order, allow for deposition objections and do not pose a numerical limit on them.

Regarding the Plaintiff's allegation of "off-the-record conversations" during depositions, the Defendant admits that it did forget about Judge Neuchterlein's requirement that any such conferences "be noted on the record by the counsel who participated in the conference," but that once Plaintiff's counsel confronted Defendant's counsel on this issue (not until the conclusion of the sixth deposition in two days), defense counsel apologized for the oversight and offered the witness for further questioning. However, the Defendant also asserts that the spirit of the September 12, 2003 Order was in fact observed since *Plaintiff's counsel* asked witnesses about "off-the-record" conversations.

4

The Court finds that the Defendant's deposition conduct is not sanctionable. The federal rules provide for deposition objections, and, in some instances, require that objections be made in order to avoid waiver of such objections. Furthermore, the federal rules and Judge Nuechterlein's Order do not place a numerical limitation on the number of objections a party can assert. Although the Defendant admits that it violated Judge Nuechterlein's Order with respect to off-the-record conferences, the Plaintiff has not shown any prejudice resulting from the Defendant's conduct. As the Defendant points out, Plaintiff's counsel asked witnesses about off-the-record conferences, in essence, fulfilling the intent of the September 12, 2003 Order.

The Court also notes that the Plaintiff has not sought to resolve the issues presented in his motion through any less severe sanctions. The Plaintiff has not sought a motion to compel further testimony or to re-open any of the depositions. In fact, the Plaintiff did not file, contemporaneously with his motion, a Rule 37.1 certification, as required by the local rules, certifying to the Court that "the movant has in good faith conferred or attempted to confer with the person or party in an effort to resolve the matter without court action." L.R. 37.1(b). "The certification shall also state the date, time, and place of the conference or attempted conference and the names of all persons participating therein." *Id.* Accordingly, the Court denies the Plaintiff's motion based on the Defendant's deposition objections and off-the-record conversations.

*2. Plaintiff's Request for Admissions*

The Plaintiff also petitions the Court to default the Defendant based on the Defendant's responses to the Plaintiff's Request for Admissions. The Plaintiff alleges that the Defendant violated this Court's March 18, 2005 Order by continuing to make frivolous objections in response to the

5

Plaintiff's Request for Admissions in light of the Court's reminder of the parties' obligation to make a good faith effort to resolve discovery disputes without court action.  To clarify, the purpose of the Court's March 18, 2005 Order was to permit the Plaintiff to serve Requests for Admission on the Defendant after the discovery deadline.  The Defendant had previously refused to answer the Plaintiff's requests because Plaintiff's counsel had served them after the discovery deadline.

In response, the Defendant asserts that its responses to the Plaintiff's Request for Admissions are proper.  The Defendant notes that all but one request were answered, notwithstanding the Defendant's objections.  Furthermore, the Defendant claims that the Plaintiff's "requests for admission attempted to simplify the subtlety and context of witness testimony into one or more simple statements of fact."  The Defendant also asserts that even if the Plaintiff's analysis of its objections is accurate, there is "less drastic" relief available to the Plaintiff.

Although the Plaintiff claims that the Defendant violated the Court's March 18, 2005 Order by not making a good faith effort to resolve discovery disputes without court action, the Court finds that it is, in fact, the Plaintiff who did not attempt to resolve the discovery issues without court intervention.  As previously discussed, the Plaintiff failed to file a Rule 37.1 certification with his motion, detailing his attempts to resolve the matter without court action.  In addition, the Plaintiff did not seek to resolve the issues concerning the Defendant's discovery responses through any less severe methods.  *See, e.g.,* Fed. R. Civ. P. 36(a) ("The party who has requested the admissions may move to determine the sufficiency of the answers or objections.").  Finally, the Plaintiff has not shown any prejudice resulting from the Defendant's discovery responses.  The Court therefore denies the Plaintiff's motion based on the Defendant's Responses to the Plaintiff's Request for Admissions.

*3. Attorney-Client Privilege and Work Product Doctrine*

As a final basis for his motion, the Plaintiff alleges that the Defendant's expert, Dr. Goldstein, violated the attorney client privilege and violated the work product doctrine in an attempt to interfere with the attorney client relationship between the Plaintiff and his attorney. The Plaintiff claims that during an independent medical examination, Dr. Goldstein asked questions of the Plaintiff, such as: 1) why the Plaintiff decided to file a lawsuit against the Defendant; 2) what the Plaintiff's thoughts were regarding the lawsuit; 3) what the Plaintiff considered to be a fair outcome of the lawsuit; 4) and whether an apology from the Defendant would be meaningful to the Plaintiff. The Plaintiff asserts that such questions by Dr. Goldstein's were "outrageous" and border on unethical. However, the Court finds that Dr. Goldstein's questions were legitimate background questions within the context of the psychological examination. Dr. Goldstein is not a lawyer and the questions were not asked in a deposition setting. Thus, the Court finds that there was no violation of the attorney-client privilege or work product doctrine.

## CONCLUSION

After reviewing the briefs and hearing argument of the parties, the Court **RECOMMENDS** that the District Court **DENY** the Plaintiff's Amended Motion for Default and Other Sanctions [DE 87].

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(B). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have ten (10) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in the waiver of the right to challenge this Recommendation before

either the District Court or the Court of Appeals.  Willis v. Caterpillar, Inc., 199 F.3d 902, 904 (7th Cir. 1999); Hunger v. Leininger, 15 F.3d 664, 668 (7th Cir. 1994); The Provident Bank v. Manor Steel Corp., 882 F.2d 258, 260-261 (7th Cir. 1989); Lebovitz v. Miller, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

SO ORDERED this 3rd day of October, 2005.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:   All counsel of record